IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

DEC 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Gary L. Smith,

　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　)
　　　　　　　　　　　　　)
V　　　　　　　　　　　　)　Case No: 1:06-CV-1957
　　　　　　　　　　　　　)　　　　　　RJL
　　　　　　　　　　　　　)
　　　　　　　　　　　　　)
FEDERAL BUREAU OF PRISONS, )
　　　　　　　　Defendant.)

Leave to file granted RJL

AMENDED COMPLAINT

　　　COMES NOW, Gary L. Smith, Pro Se Plaintiff, hereby submits this Amended Complaint, pursuant to the Federal Rules of Civil Procedure, Rule 15(a), to this Honorable Court. The Plaintiff is seeking relief from two acts of negligence and basis claim on the Federal Tort Claims Act ("FTCA"), Title 28 USC §§ 2671 through 2680.

---

1. The Federal Bureau of Prisons qualifies as an "agency" under Title 5 U.S.C. §§ 551(1) and 552(f). See Peralta v United States Attorney's Office, 136 F3d 169, 173-74 (D.C. Cir 1998)

— 1 —

## JURISDICTION

1. This Court has jurisdiction over this Complaint pursuant to the FTCA, Title 28 U.S.C. § 2679 (b)(1).

## PARTIES

2. The Plaintiff, Gary L. Smith, is a citizen of Florida, committed as a prisoner to the custody of the United States federal government through its attorney general, who at all times relevant to this action was warehoused at various locations of the Defendant. He is currently located at: P.O. Box 150160; Atlanta, Georgia; 30315. His federal registration number is: 52962-019.

3. The Defendant, the Federal Bureau of Prisons, is an organizational unit within the Department of Justice. The Department of Justice is an administrative agency within the federal corporation known as the United States of America. The office of the attorney general at the Department of Justice supervises and directs the administration and operates the offices of the Federal Bureau of Prisons. The attorney general has charge of the management and regulation of all federal penal and correctional institutions. The Defendant must provide suitable quarters and provide for the safety, care and subsistence of all persons charged with or convicted of offenses against the United States of America. The Defendant shall also provide for the protection, instruction and discipline of all persons charged with or convicted

— 2 —

of offenses against the United States of America, "including the Plaintiff". The Defendant violated its duty and is sued for damages herein with respect to the Federal Tort Claims Act.

## GROUND ONE
### "89 Photographs"

4. On August 16, 2005 the Defendant seized seven (7) 4"x 6" photographs (valued @ $100.00 each); sixty-two (62) 4" x 6" photographs (valued @ $50.00 each); and twenty (20) 8" x 10" photographs (valued @ $100.00 each) from the Plaintiff.

5. The Plaintiff requested these photographs from his Attorney-In-Fact. (The Defendant has a copy of the Power-of-Attorney located in the Plaintiff's Central File).

6. The Plaintiff has provided the Defendant with an Affidavit stating the above photographs were mailed to the Plaintiff from the Plaintiff's Attorney-In-Fact.

7. The Defendant destroyed the photographs without giving the Plaintiff any opportunity to return these photographs to his Attorney-In-Fact.

8. The Plaintiff filed a timely tort claim to the Defendant, claim number TRT-MXR-2006-03404.

9. On August 30, 2006, the Defendant denied relief and instructed the Plaintiff to "file suit in the appropriate U.S. District Court," The Plaintiff filed this timely complaint.

Claim:

10. The Plaintiff claims the Defendant destroyed property belonging to the Plaintiff without any due process. The Defendant seized the property from the Plaintiff. The Defendant knew the Plaintiff was the owner. The Defendant did not provide any notice and destroyed the Plaintiff's property.

Relief:

11. The Plaintiff is seeking $5800.00 for the loss of the photographs;

The Plaintiff is also seeking costs and fees associated with the resolution of this complaint; and

Any other relief deemed by this Court.

GROUND TWO
"Personal Property Lost"

12. On March 1, 2006, the Plaintiff was assulted at USP Big Sandy. He was immediately placed in protective custody.

13. C-4 unit officer (unknown) was responsible for securing the Plaintiff's property in his assigned cell.

14. On March 20, 2006, the Plaintiff filed an administrative remedy (#408231), stating the property officer (Kelly) would not allow the Plaintiff to list items he was missing. The Plaintiff enumerated what he was missing on the administrative remedy form.

15. On May 18, 2006, the Plaintiff was transfered to FCI Atlanta. The Plaintiff noted on the inmate personal property record form (BP-383) that he was missing property and to refer to his administrative remedy.

16. On June 30, 2006, the Defendant instructed the Plaintiff to file a tort claim.

17. On July 17, 2006, the Defendant received the Plaintiff's tort claim, number TRT-MXR-2006-03408

18 On October 31, 2006, the Defendant denied relief. The Plaintiff timely added this ground to the original complaint.

Claims:

19. Once the Defendant removed the Plaintiff from general population, the Defendant bore the responsibility of the Plaintiff's property. The Defendant failed to do so.

RELIEF:

20. The Plaintiff is seeking $25,220.85 for the loss of his personal property;

The Plaintiff is also seeking costs and fees associated with the resolution of this complaint; and

Any other relief deemed by this Court.

## GROUND THREE
### "Internet Print Outs"

21. On January 26, 2006, the Defendant seized various materials from the Plaintiff, subject to this claim is 3/4" of papers from an internet web site. These papers were removed from a folder of the Plaintiff's marked "SMITH v RUSH". They are part of a copyright infringment lawsuit in the Western District of Washington (C04-22802).

22. On February 7, 2006, the Plaintiff filed an administrative remedy (#404156) with the Defendant. The Defendant responded on March 3, 2006 stating "you [the Plaintiff] will be contacted for the disposition of the items."

23. On May 2, 2006, the Plaintiff filed a timely tort claim to the Defendant, claim number TRT-MXR-2006-03409.

24. The Defendant has refused to settle this claim.

CLAIM:

25. The Defendant willfully destroyed legal items of the Plaintiff.

RELIEF:

26. The Plaintiff is seeking $500,000.00 for the loss of his legal property;

The Plaintiff is also seeking costs and fees associated with the resolution of this complaint; and

Any other relief deemed by this Court.

Respectfully submitted,

Gary L Smith, Pro Se

#52962-019
P.O. Box 150160
Atlanta, Georgia 30315

Date: 11-Dec-06

-7-